IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KEVIN PLANTAN,

        **Plaintiff,**

v.                                             Civil Action No. 3:22cv407

KELLY SMITH, *et al.*,

        **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on two motions: (1) Defendants Cornerstone Therapy Associates, LLC and Wendy Atkinson's (collectively, the "Cornerstone Defendants") Motion to Strike Plaintiff's Opposition to Motion for Summary Judgment (the "Motion to Strike"), (ECF No. 88), and (2) the Cornerstone Defendants' Motion for Hearing Regarding Motion to Strike (the "Motion for Hearing"), (ECF No. 90). Plaintiff Kevin Plantan responded in opposition to the Motion to Strike, (ECF No. 94), and the Cornerstone Defendants replied, (ECF No. 95). On February 22, 2024, the Cornerstone Defendants filed a Notice of Hearing in which they stated that, "[w]ith the Court's permission, the Cornerstone Defendants may also bring on for hearing their Motion to Strike . . . as ancillary to the Motion for Summary Judgment," which is scheduled for argument on April 5, 2024. (ECF No. 97, at 1.) Accordingly, this matter is ripe for disposition.

The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons stated below, the Court will deny the Motion to Strike. (ECF No. 88.) Accordingly, the Court will deny as moot the Motion for Hearing. (ECF No. 90.) The Court will deny as

moot the Cornerstone Defendants' Notice of Hearing to the extent it seeks oral argument on the Motion to Strike. (ECF No. 97.)

## I. Procedural Background

On July 18, 2023, the Court issued an Amended Initial Pretrial Order laying out certain pretrial dates and deadlines and specifying that "[a]ll filing deadlines expire at 5:00 p.m. on the applicable date, except as specifically ordered by the Court." (ECF No. 50, at 2.) Especially as substantive pretrial deadlines loomed, the parties sought several alterations to the pretrial deadlines.

On November 15, 2023, the Cornerstone Defendants filed an Emergency Motion for Enlargement of Time and Modification of Pretrial Scheduling Order. (ECF No. 58.) That motion, filed shortly before Defendants' expert witness disclosures were due on November 22, 2023, sought an additional period of time in which to file expert disclosures, *Daubert*[1] motions, and dispositive motions. (ECF No. 58, at 2–3.) The Cornerstone Defendants reported that although the latter portion of Defendant Wendy Atkinson's deposition had been taken on October 16, 2023, through no fault of any litigant, the transcript of that deposition had inexplicably taken nearly a month to be delivered; just days remained for expert disclosures to occur. (ECF No. 59, at 2–3.) During the telephonic status conference about the motion on November 20, 2023, it became apparent to the Court that, while the parties had agreed upon extensions of time for expert, *Daubert*, and dispositive motions filings, they had not considered the cascading effect of those changes on other pretrial deadlines, some of which would have

---

[1] A "*Daubert* motion" refers to a motion to exclude the testimony of a proposed expert witness, named after the seminal case *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). These motions ask the Court to exercise its role as an evidentiary gatekeeper to determine whether purported scientific and other expert evidence is both relevant and reliable.

2

become unsustainable. Upon consultation with the parties, the Court allowed a delay in the disclosure of expert disclosures but none for other deadlines. (ECF No. 60, at 2–3.)

On December 21, 2023, one day before the still-unaltered deadline to submit *Daubert* and dispositive motions, Mr. Plantan filed an Emergency Motion for Enlargement of Time and Modification of Pretrial Scheduling Order. (ECF No. 70.) Counsel for Mr. Plantan reported that an unexpected death in the family prevented his taking the deposition of Defendant Kelly Smith as scheduled on December 18, 2023. (ECF No. 70, at 2.) Counsel for Mr. Plantan reported that the parties agreed that Ms. Smith could be deposed on January 4, 2024, and proposed an extended briefing schedule that would allow full briefing before the scheduled oral hearing date. (ECF No. 70, at 2.) The Court ordered another telephonic conference which took place on December 22, 2023. (ECF No. 71.)

On December 22, 2023, the Court granted the Emergency Motion and reset the *Daubert* and dispositive motions deadlines. (ECF No. 72.) The Court stated that "the Parties SHALL file any *Daubert* and dispositive motions by January 5, 2024", with responses due "by January 12, 2024" and replies "by January 16, 2024." (ECF No. 72, at 2.) The December 22, 2023 Order added that "[a]ny conflicting deadlines or instructions in the Amended Initial Pretrial Order . . . are hereby deemed MOOT. All provisions in the Amended Initial Pretrial Order . . . not affected by this Order SHALL remain in place." (ECF No. 72, at 3 (emphasis in original).)

On January 5, 2024, the Cornerstone Defendants timely filed their Motion for Summary Judgment and Memorandum in Support thereof. (ECF Nos. 79–80.) On January 12, 2024, Mr. Plantan filed a Response in Opposition but did not do so until 11:56 p.m. (ECF No. 85.)

On January 16, 2024, in addition to a Reply in support of their Motion for Summary Judgment, (ECF No. 91), the Cornerstone Defendants filed the instant Motion to Strike and

Motion for Hearing on the Motion to Strike, (ECF Nos. 88–90). Given the state of the record, the Court rescheduled oral hearing on the Summary Judgment and *Daubert* Motions for April 5, 2024, and cancelled all other pretrial deadlines. (ECF No. 96.)

## II. Standard of Review

Federal Rule of Civil Procedure 6(b)[2] "grants a district court the power to extend the time for a party to file a [pleading]." *In re Am. Nurses Ass'n ("Am. Nurses")*, 643 F. App'x 310, 313 (4th Cir. 2016) (citing Fed. R. Civ. P. 6(b)(1)). "[A] district court possess broad discretion on whether to consider a tardy filing of summary judgment materials." *B & J Enters. v. Giordano*, 329 F. App'x 411, 415 (4th Cir. 2009). "Where a deadline to file a [pleading] has elapsed, a district court may only extend the deadline if the time-delinquent party files a motion and demonstrates excusable neglect for the delay." *Am. Nurses*, 643 F. App'x at 313 (citing Fed. R. Civ. P. 6(b)(1)(B)). A court may exercise its discretion to construe a filing as a motion to extend time even where it is not so styled if the filing argues excusable neglect, cites Federal Rule of Civil Procedure 6(b), requests that the court grant leave to file, and identifies the cause of the delay in filing. *See id.*

---

[2] Federal Rule of Civil Procedure 6(b) states, in relevant part:

(1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:

> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1).

4

Excusable neglect "is a somewhat 'elastic concept'" and "may extend to inadvertent delays." *Id.* (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship ("Pioneer")*, 507 U.S. 380, 392 (1993)) (internal quotation marks omitted). Courts consider four factors in determining "whether a party has demonstrated excusable neglect for a delay": "(1) 'the danger of prejudice to the [other party]'; (2) 'the length of the delay and its potential impact on judicial proceedings'; (3) 'the reason for the delay, including whether it was within the reasonable control of the movant'; and (4) 'whether the movant acted in good faith.'" *Id.* (quoting *Pioneer*, 507 U.S. at 395) (alteration in original). "The most important . . . factor[] . . . is the reason for the failure to [timely] file." *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 534 (4th Cir. 1996).

"'Excusable neglect is not easily demonstrated'" and does not cover "run-of-the-mill inattentiveness." *Symbionics Inc. v. Ortlieb*, 432 F. App'x 216, 220 (4th Cir. 2011) (quoting *Thompson*, 76 F.3d at 534 (internal quotation marks omitted)). "[A] district court should find excusable neglect only in the *extraordinary cases* where injustice would otherwise result." *Id.* (quoting *Thompson*, 76 F.3d at 534) (emphasis in original) (internal quotation marks omitted).

### III. Analysis

The Cornerstone Defendants move to strike Mr. Plantan's Opposition to their Motion for Summary Judgment, (ECF No. 85), arguing that Mr. Plantan "failed to comply with the Court's clearly-stated filing deadline when he filed his Opposition . . . at 11:56 [p.m.] on January 12, 2024 . . . instead of by 5 [p.m.] as required by the Court's Amended Initial Pretrial Order." (ECF No. 95, at 1; *see also* ECF No. 89, at 2.) The Cornerstone Defendants emphasize that counsel for Mr. Plantan "did not move the Court for leave to file late and did not contact counsel to advise that the filing would be late," nor did he "include any acknowledgement in his Opposition brief

5

regarding the late filing." (ECF No. 89, at 2.) The Cornerstone Defendants alternatively argue that an analysis of the *Pioneer* factors "would still demonstrate that striking Plaintiff's pleading is an appropriate remedy." (ECF No. 89, at 5.)

In response, Mr. Plantan first suggests that he complied with the filing deadline, because the Court's December 22, 2023 Order mooted the previous 5:00 p.m. deadline and his filing complied with the default filing deadline of midnight per Federal Rule of Civil Procedure 6(a)(4)(A). (ECF No. 94, at 2.) Alternatively, Mr. Plantan argues that an analysis of the *Pioneer* factors supports a finding of excusable neglect. (ECF No. 94, at 2–3.) Mr. Plantan emphasizes that "it would be reasonable and appropriate for the Court [to] . . . find that the result of striking the Plaintiff's pleading would effectively terminate Mr. Plantan's case against the Cornerstone Defendants without consideration on the merits," which he urges "would be a relatively severe outcome" for a delay of less than seven hours. (ECF No. 94, at 3–4.)

First, the Court finds that the filing deadline remained at 5:00 p.m. on January 12, 2024, notwithstanding the December 22, 2023 Order. Second, the Court acknowledges that Mr. Plantan's counsel has not submitted any filing expressly styled as a motion for extension of time but will nonetheless treat it as such. Among other things, the Opposition includes the constituent arguments necessary to a motion for enlargement of time. And third, the Court concludes that the circumstances before the Court, when considering the so-called *Pioneer* factors, commend a finding of excusable neglect. The Court explains its findings below.

### A.   Mr. Plantan Filed Late Because the 5:00 P.M. Deadline Remained in Place

The Cornerstone Defendants correctly argue that the filing deadline remained at 5:00 p.m. because "there is no conflict between [the December 22, 2023 Order] and [the Amended Initial Pretrial Order] insofar as the filing *time*." (ECF No. 95, at 3 (emphasis in original).) The

6

December 22, 2023 Order expressly states that "'[a]ll provisions in the Amended Initial Pretrial Order . . . not affected by this Order SHALL remain in place.'" (ECF No. 72, at 3 (emphasis in original)).)

In response, counsel for Mr. Plantan argues that he reasonably believed the filing deadline had reverted to the midnight default provided in Federal Rule of Civil Procedure 6(a)(4)(A).[3] (ECF No. 94, at 2.) Counsel observes that the Amended Initial Pretrial Order "contained a caveat related to the time for filing which said 'except as specifically ordered by the Court.'" (ECF No. 94, at 2.)[4] Counsel for Mr. Plantan states that the December 22, 2023 Order reset the relevant filing deadline to "by January 12, 2024" without specifying a time. (ECF No. 94, at 1 (citing ECF No. 72, at 3).) He further notes that the December 22, 2023 Order also mooted "'any conflicting deadlines or instructions in the Amended Initial Pretrial Order.'" (ECF No. 94, at 2 (quoting ECF No. 72, at 3).) Thus, Mr. Plantan's counsel avers, he "reasonably [understood] the December 22, 2023 Order to" render the 5:00 p.m. filing deadline moot because the December 22, 2023 Order contained "no similar time restriction." (ECF No. 94, at 2.)

---

[3] Rule 6(a)(4)(A) states, in pertinent part:

(a) COMPUTING TIME. The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
  *   *   *
(4) *"Last Day" Defined.* Unless a different time is set by a statute, local, rule, or court order, the last day ends:

(A) for electronic filing, at midnight in the court's time zone.

Fed. R. Civ. P. 6(a)(4)(A).

[4] Mr. Plantan inaccurately cites to the Initial Pretrial Order, (ECF No. 48), rather than the Amended Initial Pretrial Order, (ECF No. 50), which is the operative scheduling order in this case. Nonetheless, because the two orders are identical with respect to the referenced provision, the Court construes Mr. Plantan's argument as concerning the Amended Initial Pretrial Order.

7

The Court finds that the 5 p.m. deadline remained in place. Nothing in the December 22, 2023 Order is inconsistent with the timing specification in the Amended Initial Pretrial Order, which states that "[a]ll filing deadlines expire at 5:00 p.m. . . . , except as *specifically* ordered by the Court." (ECF No. 50, at 2 (emphasis added).) The December 22, 2023 Order confirmed that "[a]ll provisions in the Amended Initial Pretrial Order . . . not affected by this Order SHALL remain in place," and did not specifically change the time specification. (ECF No. 72, at 3 (emphasis in original).) Thus, a careful reading of the Amended Initial Pretrial Order and the December 22, 2023 Order would confirm that the filing *time* specification from the Amended Initial Pretrial Order remained in place notwithstanding the change in the relevant filing *date* in the December 22, 2023 Order. Mr. Plantan's filing was untimely.

However, the Cornerstone Defendants overplay their hand when arguing that "there can be no doubt" on this issue. (ECF No. 95, at 3–4.) Instead, the Court deems counsel for Mr. Plantan's argument to the contrary colorable. Given the number of scheduling and rescheduling pretrial orders on the record, the Court cannot chalk up counsel for Mr. Plantan's interpretation as "run-of-the-mill inattentiveness," despite his duty to read all orders and adhere to their deadlines. *See Symbionics, Inc.*, 432 F. App'x at 220.

### B. The Court Construes Mr. Plantan's Opposition to the Motion to Strike as a Motion for Extension of Time

The Cornerstone Defendants make much of the fact that counsel for Mr. Plantan did not and has not filed a motion for extension of time. (ECF No. 89, at 2 ("Plaintiff has filed no motion seeking to demonstrate to this Court why he should be excused from complying with the deadlines"); ECF No. 95, at 1–2 ("Twenty-three (23) days have now passed . . . , and Plaintiff has not filed a Motion pursuant to Rule 6 requesting that the Court deem his brief timely-filed and asking the Court to find 'excusable neglect.'"); ECF No. 95, at 4 ("If Plaintiff here had even

8

the slightest doubt as to whether the Court's December 22, 2023 Order did away with the 5 [p.m.] deadline[], then . . . he should have erred on the side of caution and *at minimum*, filed a Rule 6 motion . . . explaining why he believed 'excusable neglect' should be found." (emphasis in original)).)

It is true that Mr. Plantan did not file a motion expressly styled as a motion for extension of time pursuant to Federal Rule of Civil Procedure 6. However, he did file a Response in Opposition to Cornerstone Defendants' Motion to Strike for dilatory filing (the "Opposition to the Motion to Strike"). (ECF No. 94.) That filing addresses the necessary components of an extension motion that the Cornerstone Defendants request and that *American Nurses* requires: it "seek[s] to demonstrate to this Court why [Mr. Plantan] should be excused from complying with the deadline", "request[s] that the Court deem his brief timely-filed and ask[s] the Court to find 'excusable neglect'", "explain[s] why he believe[s] 'excusable neglect' should be found," and cites Federal Rule of Civil Procedure 6. (*See* ECF No. 89, at 2; ECF No. 95, at 1–2, 4); *see Am. Nurses*, 643 F. App'x at 313. Indeed, Mr. Plantan's Opposition to the Motion to Strike, (ECF No. 94), is a motion for extension of time in all but name, and that filing fully articulates all arguments the Court would consider on a motion for extension of time.

In *American Nurses*, the Court of Appeals for the Fourth Circuit affirmed the lower court's construction of a notice filing as a motion for extension of time where the filing "cited Fed. R. Civ. P. 6(b), argued that excusable neglect supported extending the deadline, and requested that the court 'grant leave to file its Motion'" and "attached an affidavit . . . identifying the cause of [the] delay in filing." 643 F. App'x at 313. This Court likewise will construe Mr. Plantan's Opposition to the Motion to Strike, (ECF No. 94), as a motion for extension of time because—like the notice filing in *American Nurses*—the Opposition to the Motion to Strike

9

argues excusable neglect, asks the Court to accept the late filing, and identifies the cause of the delay in filing the Opposition to the Motion for Summary Judgment, (ECF No. 85). *See id.*

### C. The Court Finds Excusable Neglect for Mr. Plantan's Delayed Filing

The Court next considers the *Pioneer* factors and concludes that they militate in favor of a finding of excusable neglect. As described above, courts consider four factors in determining "whether a party has demonstrated excusable neglect for a delay": "(1) 'the danger of prejudice to the [other party]'; (2) 'the length of the delay and its potential impact on judicial proceedings'; (3) 'the reason for the delay, including whether it was within the reasonable control of the movant'; and (4) 'whether the movant acted in good faith.'" *Am. Nurses*, 643 F. App'x at 313 (quoting *Pioneer*, 507 U.S. at 395). Each of these factors weighs against granting the Motion to Strike, (ECF No. 88).

#### 1. No Danger of Prejudice to the Cornerstone Defendants Exists

As to the first *Pioneer* factor, little to no prejudice runs against the Cornerstone Defendants from the brief's submission hours late on its due date. Although the Cornerstone Defendants sought no extension as a result of the delay, they nonetheless aver that "the prejudice to [them] is great" because "[a] midnight filing . . . on an already shortened timeline essentially eliminated one whole evening of analysis and writing . . . in this potentially case-dispositive motion" and "removed all possibility of the reasonable use of counsel's business office during business hours for printing and organizing materials needed to work on the Reply over the weekend." (ECF No. 89, at 6.)

This argument does not persuade. The filing deadline as ordered was 5:00 p.m. on a Friday. Had the Cornerstone Defendants anticipated the "use of counsel's business office during business hours" to draft their reply, the hours implicated seem to be 4:56 p.m. until 5:00 p.m., or

the close of the business day. And the complained-of truncated timelines lay at the feet of *both* the Cornerstone Defendants and Mr. Plantan; both parties sought emergency enlargements of time. While the Court does not suggest that either party delayed matters improperly, the Court sees an unexpected family death as less controllable than obtaining a necessary transcript within a month.

Moreover, Mr. Plantan rightly notes, although less persuasively, (*see* ECF No. 94, at 3), that had the delay materially impacted the Cornerstone Defendants' ability to meet their Reply deadline, they could have moved for an extension. However, doing so yet another time in this case clearly posed risks given the Court's earlier disfavor toward the emergency motions for extension previously filed. Mr. Plantan also identifies that the Cornerstone Defendants met their Reply deadline while also finding time to prepare the Motion to Strike. This is true.

While commendable, the Cornerstone Defendants' dual filing runs counter to a claim of extreme prejudice. That said, the Court does not fully discount the additional work the Cornerstone Defendants chose to undertake in filing the Motion to Strike. But despite the Cornerstone Defendants' claims to the contrary, the Court finds little to no prejudice to them resulting from Mr. Plantan's seven-hour delay in filing his brief. *Pioneer* factor one, therefore, favors a finding of excusable neglect.

      **2.**    **The Delay Was Mere Hours and Did Not Impact the Proceedings**

The second *Pioneer* factor, the length of the delay, militates in favor of finding excusable neglect. The delay totaled only six hours and fifty-six minutes and did not impact the proceedings. The Cornerstone Defendants acknowledge that the filing, though technically tardy, was submitted on the date it was due. (*See* ECF No. 89, at 6.) And the Cornerstone Defendants replied timely.

Their continued argument that "it was effectively not received in a way it could be actioned *until the subsequent day*", however, falls flat. (*See* ECF No. 89, at 6 (emphasis in original).) Although the Cornerstone Defendants contend that because "every moment counts" on a condensed briefing timeline, and that the delay "was significant *under the circumstances*," they do not offer much more than these conclusory assertions to explain *why* or *how* it was significant. (*See* ECF No. 89, at 6 (emphasis in original).) The Court is not persuaded and cannot find that a seven-hour delay prejudiced the Cornerstone Defendants' ability to timely reply to the opposition in an effective manner. For better or for worse, the Cornerstone Defendants did timely reply, and did so ably. (*See* ECF No. 91.)

The one impact on the judicial proceedings that the Cornerstone Defendants concretely identify is that "the late filing has birthed this Motion to Strike . . . which will impact the resources of the Court" and "will also drain time away from Counsel for the Cornerstone Defendants for its preparation and oral argument."[5] (ECF No. 89, at 6.) The decision to file a Motion to Strike (rather than, for example, a motion for extension of time, or nothing at all) rests with the Cornerstone Defendants, not with Mr. Plantan.

As Mr. Plantan states, "the length of the [delay] is measured in a few hours, not days." (ECF No. 94, at 3.) Despite the Cornerstone Defendants' obvious and understandable frustration, the Court received all the pleadings on the dates agreed to by the parties and ordered by the Court. The Court cannot countenance the severe sanction of striking an opposition to Summary Judgment and deciding this case on this minor procedural error based on a seven-hour

---

[5] Today's decision eliminates any concern about time needed for preparation to argue this Motion to Strike.

12

delay, even given the expedited briefing schedule. The short length of the delay renders *Pioneer* factor two favorable to Mr. Plantan, militating for a finding of excusable neglect.

### 3. Mr. Plantan's Expressed Confusion about the *Timing* of the Filing Deadline, While Incorrect, Provides Some Justification for the Delay

Third, although the Court concludes that the filing was late, the Court sees counsel for Mr. Plantan's confusion regarding the timing requirement as some justification for the slight delay. The Cornerstone Defendants complain that counsel for Mr. Plantan "failed to notify the Court, failed to notify defense counsel, and failed to contemporaneously address the untimeliness." (ECF No. 89, at 7.) In response, Mr. Plantan's counsel represents that he understood "the December 22, 2023 Order [to] remove[] any reference to the 5:00 p.m. deadline," thus "rendering the deadlines and instructions from the [Amended Initial Pretrial Order] moot." (ECF No. 94, at 3.) On such a mistaken understanding, Mr. Plantan's counsel would have had no reason to notify anyone in advance of filing just before midnight, as he considered his filing timely. *See Am. Nurses*, 643 F. App'x at 313 (finding excusable neglect where the record suggested that the delay was due in part to "confusion regarding when [the] motion was due"). These circumstances render this case factually distinguishable from several of the cases the Cornerstone Defendants cite—which rely on known technological problems the party did not account for—in support of their Motion to Strike.[6] (*See* ECF No. 89, at 3–5.)

---

[6] For example, in *Robinson v. Wix Filtration Corp. LLC*, the United States Court of Appeals for the Fourth Circuit affirmed the district court's decision to deny leave to file where counsel's email problems failed to constitute excusable neglect for failure to timely respond to a motion for summary judgment. 599 F.3d 403, 412–13 (4th Cir. 2010). The Fourth Circuit found it relevant that counsel, though aware of his email difficulties prior to missing the deadline, elected not to notify the court or opposing counsel in advance of his anticipated tardy filing. *Id.*

Similarly, in *Smith v. Look Cycle USA*, the plaintiff's counsel who filed late had advance notice that computer viruses were likely to cause him to miss his deadline, but nonetheless failed to seek leave of court or notify opposing counsel until five to ten days after the deadline had

Accordingly, the Court concludes that counsel for Mr. Plantan's mistaken reading of the timing provisions of the Amended Initial Pretrial Order viewed in light of the December 22, 2023 Order provides some justification for the delay. But given the scheduling faux pas permeating this litigation, it was incumbent on Mr. Plantan's counsel to review deadlines more carefully. As such, *Pioneer* factor three weighs neither for nor against a finding of excusable neglect.

### 4.     Mr. Plantan Acted in Good Faith

Finally, no evidence exists to support a showing of bad faith. Counsel for Mr. Plantan avers that he "acted in good faith by filing the relevant response on the date that the Court ordered" and has explained his confusion regarding the time of day that the filing was due. (ECF No. 94, at 3.) The Cornerstone Defendants do not seem to argue that Mr. Plantan's counsel acted in bad faith in filing before midnight rather than before 5:00 p.m. The Court appreciates their candor. Mr. Plantan's Opposition to the Motion to Strike credibly states that counsel believed midnight to be the operative deadline. Despite this avoidable mistake and the inconvenience caused to opposing counsel, the Court cannot find bad faith nor impose the significant sanction of striking his response altogether.

---

passed, after opposing counsel had moved to strike his late-filed opposition. 933 F. Supp. 2d 787, 788–89, 792 (E.D. Va. 2013) ("Much like the tardy actor[] in . . . *Robinson*, Plaintiff's counsel here could have provided notice to the Court *prior to* the filing deadline yet failed to do so." (emphasis in original)). Even there, where the delay was multiple days rather than multiple hours and "affected the briefing schedule for other motions in [the] case," the court concluded that the multi-day length of the delay "minimally affected the judicial proceedings." *Id.* at 792.

Here, Mr. Plantan's mistake as to the filing deadline, while troublesome, distinguishes him from the attorneys in *Robinson* and *Smith*. Also, the Court cannot fault Mr. Plantan for failing to notify in advance that he would be filing late, because on Mr. Plantan's understanding, he filed on time. Once the Cornerstone Defendants moved to strike his filing because it missed the 5:00 p.m. deadline, he timely responded in opposition to explain the misunderstanding to the Court and opposing counsel.

On balance, the Court finds that, when weighing the four *Pioneer* factors as a whole, it must deny the Motion to Strike.

## IV. Conclusion

For the reasons stated above, the Court will deny the Cornerstone Defendants' Motion to Strike. (ECF No. 88.) The Court also will deny as moot the Cornerstone Defendants' Motion for Hearing on the Motion to Strike. (ECF No. 90.) To the extent required, the Court will deny as moot the Cornerstone Defendants' Notice of Hearing to the extent it seeks oral argument on the Motion to Strike. (ECF No. 97.)

It is SO ORDERED.

Date: 03/25/2024
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge